**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Shelley Costner, Tony Dean Sherer, and Ladarius
Cherry, Defendants,

of whom Ladarius Cherry is the Appellant

and

Shelley Costner and Tony Dean Sherer are Respondents.

In the interest of minors under the age of eighteen.

Appellate Case No. 2025-001382

———————————

Appeal From York County
David G. Guyton, Family Court Judge

———————————

Unpublished Opinion No. 2026-UP-162
Submitted March 26, 2026 – Filed March 27, 2026

———————————

**AFFIRMED**

———————————

Kimberly Yancey Brooks, of Kimberly Y. Brooks,
Attorney at Law, of Greenville, for Appellant.

Charleka LeTay Hannon, of the South Carolina
Department of Social Services, of Union, for Respondent
South Carolina Department of Social Services.

Roger Farroll Condrey, of Concord, North Carolina, for
Respondent Shelley Costner.

Deondra Sexton, of Fort Mill, for Respondent Tony Dean
Sherer.

Justin Montgomery, of Columbia, for the Guardians ad
Litem.

---

**PER CURIAM:**  Ladarius Cherry appeals the family court's final order finding he placed his two minor stepchildren at a substantial risk of sexual abuse and ordering his name entered in the Central Registry of Child Abuse and Neglect (Central Registry).  *See* S.C. Code Ann. § 63-7-20(6)(a)(ii) (Supp. 2025) (explaining "child abuse or neglect" or "harm" occurs when a parent, guardian, or other person responsible for the child's welfare commits a sexual offense against the child or "engages in acts . . . that present a substantial risk that a sexual offense . . . would be committed against the child"); S.C. Code Ann. § 63-7-1940(A)(2)(b) (Supp. 2025) (stating the family court may order a person's name entered in the Central Registry if the court finds by a preponderance of the evidence that the person abused or neglected the child and "the nature and circumstances of the abuse indicate that the person would present a significant risk of committing physical or sexual abuse or wil[l]ful or reckless neglect if the person were in a position or setting outside of the person's home that involves care of or substantial contact with children").  Upon a thorough review of the record and the family court's findings of fact and conclusions of law pursuant to *Ex parte Cauthen*, 291 S.C. 465, 354 S.E.2d 381 (1987), we find no meritorious issues warrant briefing. Accordingly, we affirm the family court's ruling and relieve Cherry's counsel.

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.